UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TONJA AMES,<br><br>        Plaintiff,<br><br>   v.<br><br>KING COUNTY, Washington; Deputies HEATHER R. VOLPE, member of the King County Sheriff's Department; CHRISTOPHER SAWTELLE, member of the King County Sheriff's Department; DANIEL L. CHRISTIAN, member of the King County Sheriff's Department; and DOES I-V, inclusive, individual employees of King County,<br><br>        Defendants. | Case No. C13-1030RSM<br><br>ORDER OF DISMISSAL |

THIS MATTER comes before the Court after remand from the Ninth Circuit Court of Appeals. The relevant factual background has been set forth in the Court's prior Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment, and is incorporated by reference herein. Dkt. #44 at 2-7. Plaintiff initially brought a number of claims against Defendants under 42 U.S.C. § 1983, alleging that:

1) Deputy Volpe violated Ms. Ames Fourth Amendment rights by arresting her without probable cause (Dkt. #1 at ¶¶ 37-41);

2) Deputy Volpe violated Ms. Ames' Fourth Amendment right to be free from excessive force during that arrest (Dkt. #1 at ¶¶ 42-45);

ORDER OF DISMISSAL
PAGE - 1

3) Deputy Volpe violated Ms. Ames' Fourth Amendment rights by conducting an unreasonable seizure (Dkt. #1 at ¶¶ 46-49);

4) Deputies Volpe, Sawtelle and Christian violated Ms. Ames' Fourth Amendment rights by conducting an unlawful search (Dkt. #1 at ¶¶ 50-52);

5) King County acted with deliberate indifference to Ms. Ames' rights by failing to adequately train its Deputies (Dkt. #1 at ¶¶ 53-61); and

6) Deputy Volpe violated Ms. Ames' First Amendment rights by retaliating against her for refusing to let her enter her home (Dkt. #1 at ¶¶ 62-65).

On Defendants' motion for summary judgment, the Court found that Deputy Volpe was entitled to qualified immunity on all but the excessive force claim. Dkt. #44 at 19. Specifically, the Court found that questions of material fact existed such that a jury should determine whether the amount of force used during Ms. Ames' arrest was reasonable and justified. *Id.* at 14-15. The Court further found that Deputies Sawtelle and Christian were not entitled to qualified immunity on the federal claims against them because there was a question of fact as to whether the emergency doctrine applied to the search they conducted. Dkt. #44 at 15-16. Defendant then appealed this Court's decision. Dkt. #47.

On January 13, 2017, the Ninth Circuit Court of Appeals issued an Opinion reversing "[t]hat portion of the district court's order denying qualified immunity on Ames's excessive force and unlawful search claims", finding that Deputy Sawtelle's and Deputy Christian's "actions were reasonable under the emergency doctrine and they are entitled to qualified immunity from suit", and remanding the matter to this Court "for entry of an order of dismissal." Dkt. #58 at 19. The Court of Appeals issued its Mandate on February 6, 2017. Dkt. #59.

ORDER OF DISMISSAL
PAGE - 2

Accordingly, at the direction of the Ninth Circuit Court of Appeals, this case is DISMISSED and this matter is now CLOSED.

DATED this 7 day of February, 2017.

_____
RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER OF DISMISSAL
PAGE - 3